UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAREN DENISE PRICE, individually and as
executor and sole beneficiary of the Estate of
Dennis H. Buie,

Plaintiff,

-against-

FCI LENDER SERVICES, et al.,

Defendants.

1:25-CV-10035 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated and entered on December 4, 2025, the Court transferred this *pro se* action *sua sponte*, under 28 U.S.C. § 1404(a), to the United States District Court for the Northern District of Georgia. (ECF 11.) The Court directed the Clerk of Court to immediately transfer this action to the transferee court upon the entry of that order, and it waived the seven-day period articulated in Local Civil Rule 83.1. (*Id.* at 5.) On December 5, 2025, Plaintiff filed an "Emergency Motion to Vacate Transfer Order . . . as Void Ab Initio and Ultra Vires; for Indicative Ruling under Rule 62.1; and for Ex Parte TRO and Partial Declaratory Judgment."[1] (ECF 12.) On the same date, Plaintiff filed what appears to be an amended version of the abovementioned motion. (ECF 13.) The Court liberally construes Plaintiff's amended motion as one seeking reconsideration relief under Local Civil Rule 6.3. *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings, leniency in the enforcement of other procedural rules, and deliberate, continuing

---

[1] The transferee court thereafter acknowledged receipt of the transmission of this action.

efforts to ensure that a *pro se* litigant understands what is required of [her]" (citations omitted)). For the reasons set forth below, the Court denies Plaintiff's amended motion for reconsideration.

**DISCUSSION**

The Court must deny Plaintiff reconsideration relief under Local Civil Rule 6.3. A party who seeks such relief must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 508-09 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) ("[A] motion for reconsideration [under Local Civil Rule 6.3] is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which [the moving] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (citations omitted)).

In its December 4, 2025 order, the Court understood Plaintiff's action as asserting claims under: (1) the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (2) the Securities and Exchange Act; (3) the Fair Debt Collection Practices Act; (4) the Truth in Lending Act; (5) the Real Estate Settlement Procedures Act ("RESPA"); (6) 42 U.S.C. § 1983; (7) 42 U.S.C. § 1985; (8) the Americans with Disabilities Act; (9) the Fair Housing Act; (10) the Lanham Act; and (11) state law. The Court then discussed the venue provisions applicable to Plaintiff's claims: 18 U.S.C. § 1965(a) as to Plaintiff's claims under RICO; 12 U.S.C. § 2614 as to her claims under RESPA; and 28 U.S.C. § 1391(b) as to her remaining claims. (ECF 11, at 2.)

While noting that "*some* of the [50] defendants may indeed be found, have an agent, or transact their affairs within this judicial district," and, thus, that this Court may be a proper venue

2

for Plaintiff's civil claims under RICO against those defendants, the Court also observed that "it seems clear that *all* of them are found, have an agent, or transact their affairs in . . . the Northern District of Georgia," and, accordingly, that the United States District Court for the Northern District of Georgia was clearly a proper venue for all of Plaintiff's civil claims under RICO against all of the defendants. (*Id.* at 3.)

The Court then examined whether this court was a proper venue for Plaintiff's civil claims under RESPA. The Court noted that "it is clear that the property at issue is located in Atlanta, Georgia, within the Northern District of Georgia, and it would appear that most, if not all, of the alleged RESPA violations occurred within that judicial district." (*Id.*) Because of that, while the Court could not clearly determine that this court is a proper venue for Plaintiff's claims under RESPA, it determined that "it is clear that the United States District Court for the Northern District of Georgia is also a proper venue for such claims." (*Id.*)

The Court thereafter examined whether this court was a proper venue for Plaintiff's remaining claims. Because not all of the defendants reside within the State of New York, the Court determined that this court is not a proper venue for Plaintiff's remaining claims under 28 U.S.C. § 1391(b)(1). (*Id.*) In addition, because the property at issue is located in Atlanta, Georgia, and because Plaintiff alleges that a substantial portion of the alleged events occurred in Atlanta, as opposed to within this judicial district, it did not seem clear to this Court that this court is a proper venue for Plaintiff's remaining claims under Section 1391(b)(2), but it did seem clear that the United States District Court for the Northern District of Georgia is a proper venue for those claims under that statutory provision. (*Id.* at 4.)

The Court then discussed whether permissive transfer, under 28 U.S.C. § 1404(a), was appropriate. The Court determined that:

> [u]nder Section 1404(a), transfer appears to be appropriate for this action because the property at issue is located; the defendants are all either found, have an agent, or transact their affairs; and a substantial portion of the alleged events have occurred, in the Northern District of Georgia, and it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district.

(*Id.* at 4.) Accordingly, the Court then transferred this action to the United States District Court for the Northern District of Georgia, under Section 1404(a), noting that that court "is a proper venue for all of Plaintiff's claims . . . [and] appears to be a more convenient forum for this action." (*Id.* at 4-5.)

Plaintiff, in what the Court has construed as her amended motion for reconsideration (ECF 13), asserts nothing to suggest that the United States District Court for the Northern District of Georgia is not a proper venue for any of her claims, or that it is not the most appropriate venue for her claims. She merely concentrates on why she believes that this court is a proper venue. Even if the court were to explicitly determine that this court is a proper venue for all of her claims, it has the discretion, under Section 1404(a), to transfer this action to a more appropriate and proper venue, after examining the factors it articulated and examined in its December 4, 2025 order. (*See id.* at 4); *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis. Some of the factors a district court is to consider are, *inter alia:* '(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.' Applying these factors, the district court was well within its discretion in denying the . . . requested venue transfer." (citations omitted, alteration in original)).

4

The United States District Court for the Northern District of Georgia, and not this court, remains *the most appropriate* venue for Plaintiff's claims. In other words, Plaintiff has not provided any controlling law or factual matters that would cause the Court to vacate its December 4, 2025 order transferring this action to that court. The Court therefore denies Plaintiff reconsideration relief under Local Civil Rule 6.3.

**CONCLUSION**

The Court construes Plaintiff's latest motions as a motion for reconsideration seeking relief from the Court's December 4, 2025 order transferring this action to the United States District Court for the Northern District of Georgia (ECF 12) and an amended motion for reconsideration seeking the same relief (ECF 13). The Court denies the amended motion (ECF 13), and directs the Clerk of Court to terminate both the original motion for reconsideration (ECF 12) and the amended motion for reconsideration (ECF 13).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    December 5, 2025
           New York, New York

                            /s/ Laura Taylor Swain
                            LAURA TAYLOR SWAIN
                         Chief United States District Judge